IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KYNA FERNANDEZ-BROOKS and JOHN W. BROOKS,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC,<br><br>*Defendant*. | CIVIL NO. _____<br><br>**Removed from the D.C. Superior Court (Case No. 2023-CAB-007404)** |

**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC'S
<u>NOTICE OF REMOVAL</u>**

Defendant Rushmore Loan Management Services, LLC ("Rushmore" or "Defendant"), through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), hereby files this Notice of Removal, removing this civil action from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia. In support of this Notice of Removal, Defendant states as follows:

**I.      BACKGROUND**

1.      On December 5, 2023, Plaintiffs Kyna Fernandez-Brooks and John W. Brooks III ("Plaintiffs") filed the Complaint against Defendant in the Superior Court of the District of Columbia ("Superior Court Action").

2.      Plaintiff asserts three causes of action against Defendant: (1) negligence; (2) 12 C.F.R. § 1024.41 and (3) 12 U.S.C. § 2605(e)(1)(A). Plaintiffs' claims concern Rushmore's alleged failure to properly review their application for a loan modification and timely respond to their request for information. *See generally* Compl.

3. Rushmore was served with the Complaint on January 3, 2024. Accordingly, this Notice of Removal is timely filed within thirty (30) days of receipt pursuant to 28 U.S.C. § 1446.

4. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendant is attached as **Exhibit A**.

5. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the District of Columbia Superior Court.

6. In accordance with 28 U.S.C. § 1446(d), Defendant has also given written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs at the address provided in the Complaint.

## II.     FEDERAL QUESTION JURISDICTION

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim arising under the laws of the United States. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10. Here, the Complaint alleges violations of federal statutes, *i.e.*, 12 C.F.R. § 1024.41 and 12 U.S.C. § 2605 (e)(1)(A). Compl. ¶¶ 20-29.

11. The Court has supplemental jurisdiction over the state law negligence claim because it arises from and are part of the same case or controversy as the federal question.

12. Therefore, this action is one that can be removed to this Court on the grounds that this Court has original jurisdiction over the claims arising under federal law.

### III.   DIVERSITY JURISDICTION

13. In addition, removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14. As required by 28 U.S.C. § 1441(a), Defendant has removed this case to the United States District Court for the District of Columbia, which is the District Court embracing the place where the Superior Court Action is pending. Accordingly, venue lies in this Court. *See* 28 U.S.C. § 88.

**A.   There is Complete Diversity of Citizenship Among the Parties.**

15. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332. Specifically, this civil action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16. **Plaintiffs' Citizenship.** Plaintiffs indicate that they are residents of the District of Columbia. Compl. ¶ 4. "Domicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. American Univ.*,

727 F.2d 1174, 1180 (D.C. Cir. 1984); *Nytes v. Trustify, Inc.*, 297 F. Supp. 3d 191, 198 (D.D.C. 2018). Upon information and belief, Plaintiffs' domicile is in the District of Columbia.

17. **Rushmore's Citizenship.** Rushmore is a Delaware limited liability company. Rushmore is an indirect, wholly owned subsidiary of a publicly traded company, Mr. Cooper Group Inc. ("Mr. Cooper"), a Delaware Corporation. Rushmore is directly owned by two entities: (1) Sub1 DE LLC ("Sub1 DE") (99%) and (2) Sub2 DE LLC ("Sub2 DE") (1%). Both Sub1 DE and Sub2 DE are Delaware limited liability companies. Both Sub1 DE and Sub2 DE are directly owned by Nationstar Mortgage LLC ("Nationstar"). Nationstar is a Delaware limited liability company existing under the laws of the State of Delaware with its principal place of business located in Texas. Nationstar has two members, Nationstar Sub1 LLC (owning 99% of Nationstar) ("Sub1") and Nationstar Sub2 LLC (owning 1% of Nationstar) ("Sub2"). Sub1 and Sub2 are Delaware limited liability companies. The sole member and 100% owner of Sub1 and Sub2 is Nationstar Mortgage Holdings, Inc., a Delaware corporation with its principal place of business in Texas. Thus, Rushmore is considered a citizen of both Delaware and Texas for diversity purposes. *See Lopes v. JetsetDC, LLC*, 994 F. Supp. 2d 135, 143 (D.D.C. 2014).

18. Accordingly, complete diversity exists between Plaintiffs and Rushmore.

B. **The Amount in Controversy Exceeds $75,000.**

19. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indemnity Co. v. Red Cob. Co.*, 303 U.S. 283 (1938)).

20. Although Defendant denies that Plaintiffs are entitled to any relief, Plaintiffs allege that they are entitled to at least $200,000 for damages. *See generally* Compl. Thus, the amount in

4

controversy exceeds $75,000.

21. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiffs and Defendant; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold.

## IV. CONCLUSION

22. For the foregoing reasons, Defendant respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: January 25, 2024                 Respectfully submitted,

*/s/ A. Wolfgang McGavran*
A. Wolfgang McGavran (D.C. Bar 241891)
MCGUIREWOODS LLP
888 16th Street, N.W., Suite 500
Washington, D.C. 20006-1040
(202) 857-2471
wmcgavran@mcguirewoods.com

**Counsel for Defendant Rushmore Loan Management Services, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2024 a copy of the foregoing *Notice of Removal* was electronically filed and served via the Court's CM/ECF system on the following:

Michael C. Forster
FORSTER LAW FIRM, PLLC
2007 Vermont Avenue, N.W.
Washington, D.C. 20001
michael@forsterlawfirm.com

*Counsel for Plaintiffs*


            /s/ A. Wolfgang McGavran
            A. Wolfgang McGavran (D.C. Bar 241891)